639 A.2d 1291

Janice YORK, now Janice Sotack and
Frank M. Sotack, Appellants,

v.

James W. ROACH and the Tax Claim Bureau
of Erie County, Pennsylvania.

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided March 30, 1994.

Petition for Allowance of Appeal Denied Sept. 20, 1994.

Kevin W. Barron, for appellants.

Evan E. Adair, for appellees.

Before McGINLEY and NEWMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Janice York, now Janice Sotack, and Frank M. Sotack (Sotacks) appeal from the order of the Court of Common Pleas of Erie County that dismissed Sotacks' objections to the tax sale of their property. We reverse.

Sotacks own property on Kelso Drive in Millcreek Township, Erie County, where they are domiciled.[1] Mrs. Sotack paid taxes on the property from 1968 until 1989. Because of financial difficulties in 1989, Mrs. Sotack entered into a stay of sale agreement pursuant to Section 603 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.603[2] with the Tax Claim Bureau of Erie County (Bureau) for the payment of back taxes. Mrs. Sotack fully complied with this stay of sale agreement.

Again, in 1991, because of financial difficulties, Sotacks fell behind in the payment of their taxes. On July 2, 1991, the Bureau notified Sotacks that their property would be sold for

1. Mrs. Sotack purchased the property in 1968 with her now deceased husband, William York, as tenants by the entireties.

2. § 5860.603. Removal from sale; agreements to stay sale

Any owner or lien creditor of the owner may, at the option of the bureau, prior to the actual sale, (1) cause the property to be removed from the sale by payment in full of taxes which have become absolute and of all charges and interest due on these taxes to the time of payment, or (2) enter into an agreement, in writing, with the bureau to stay the sale of the property upon the payment of *twenty-five per centum* (25%) of the amount due on all tax claims and tax judgments filed or entered against such property and the interest and costs on the taxes returned to date, as provided by this act, and agreeing therein to pay the balance of said claims and judgments and the interest and costs thereon in not more than three (3) instalments all within one (1) year of the date of said agreement, the agreement to specify the dates on or before which each instalment shall be paid, and the amount of each instalment.

(Emphasis added).

delinquent taxes at a tax sale on September 9, 1991.[3] On July 17, 1991, in response to the notice, Sotacks mailed a check to the Bureau in the amount of $500.00. *The Bureau accepted and applied the $500 to Sotacks' back taxes.* The Bureau mailed a receipt to Sotacks acknowledging payment. The notice, however, did not inform Sotacks that in making this payment, in excess of 25% of the back taxes due, that they qualified for a stay of sale agreement pursuant to Section 603 of the Law. The receipt included a handwritten note stating that $148.29 remained due on the 1989 taxes and should be paid by September 26, 1991 in order to avoid being advertised in the paper.

On August 9, 1991, the Bureau published in the local newspapers and Legal Journal a list of properties to be sold at the September 9, 1991 sale, including the Sotacks' property. Also on August 12, 1991, the notice of tax sale was posted on the Sotacks' property. Two days prior to the sale, Sotacks wrote a check for $150.00 covering the remainder of the past due 1989 taxes. However, the September 7, 1991 check was not postmarked until September 13, 1991. The Bureau returned Sotacks' check for $150.00, noting that the property had been sold on September 9, 1991. Sotacks appealed but the trial court affirmed the Bureau's action.

On appeal to this Court,[4] Sotacks argue that the trial court erred as a matter of law in failing to hold that the Bureau had an affirmative duty to advise Sotacks of their opportunity to make installment payments on the balance of the tax due because they had paid more than twenty-five percent of the total amount of tax due.

Sotacks rely on *In re Upset Sale of Property,* 126 Pa.Commonwealth Ct. 280, 559 A.2d 600 (1989), where the property owner did not pay real estate taxes for 1981. After receiving

3. The Bureau notified Sotacks that the total upset price was $1,306.79. The 1989 delinquent taxes totalled $646.81.

4. Our scope of review is limited to determining whether the common pleas court abused its discretion, lacked supporting evidence or erred as a matter of law. *Molchan Appeal,* 94 Pa.Commonwealth Ct. 423, 503 A.2d 1051 (1986).

notices of the impending tax sale on his property, the taxpayer went to the taxing unit and paid $300 on his 1981 taxes, which the tax unit retained, leaving a balance of $100. Although entitled to enter into an installment agreement under Section 603 of the Law, the taxpayer neither asked to enter into an installment agreement nor did the tax unit advise him of his option to do so as he paid more than the twenty-five percent of the tax owed. Citing *Roth Appeal*, 366 Pa. 100, 76 A.2d 749 (1950), we discussed that:

> [t]he strict provisions of the tax sale laws were meant not to punish taxpayers who, through oversight or error, failed to pay taxes. Tax acts were meant to protect local government against willful, persistent, and long-standing delinquencies.

126 Pa.Commonwealth Ct. at 281, 559 A.2d at 601. Considering whether fundamental fairness and procedural due process required the tax unit to affirmatively inquire of the taxpayer whether he desired to enter into an installment agreement, we held that where the tax unit had retained a payment in excess of twenty-five percent of the tax due, failure to do so would deprive the taxpayer of his property without due process of law.[5]

The Bureau here argues that because Mrs. Sotack had entered into a previous installment agreement in 1989 that she had knowledge that she could enter into an installment agreement and therefore, it should not be held to an affirmative duty in this case. We do not agree.

The Bureau here retained the payment of $500.00 entitling Sotacks to enter into an installment agreement if they so chose. Because, as in *In re Upset Sale*, the Bureau retained the payment in excess of twenty-five percent of the taxes owed, the Bureau had an affirmative duty to inform Sotacks of

**5.** In *In re Upset Sale*, we distinguished the facts there from *Quality Home Improvement Co. Appeal*, 74 Pa.Commonwealth Ct. 39, 458 A.2d 1074 (1983), where the taxing bureau *returned* a check for an amount less than the total due, but more than the twenty-five percent of the balance due. We held that under those circumstances the bureau was not under further obligation to urge the taxpayer to pay his taxes by the installment method.

the option to enter into an installment agreement.  Therefore, we hold that the trial court erred as a matter of law in not placing an affirmative duty upon the Bureau to advise Sotacks of their opportunity to make installment payments.

Accordingly, we reverse.

## ORDER

AND NOW, this 30th day of March, 1994, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby reversed.