Megan MOORE, an heir of the Estate of Grace Moore, and titled owner of Luzerne County PIN #: 11–E8NW2–013–010–000, Appellant

v.

Glen KELLER, d/b/a REO Property Management, LLC and Luzerne County Tax Claim Bureau.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2013.
Decided June 5, 2014.
Publication Ordered August 29, 2014.

William L. Byrne, Wilkes–Barre, for Appellant.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, and MARY HANNAH LEAVITT, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge LEADBETTER.

Appellant, Megan Moore, appeals from the order of the Court of Common Pleas of

Luzerne County (trial court), which dismissed her petition to set aside tax sale, determining that Appellant lacks standing and that notice of the sale was properly given. We reverse and remand.

In October 1987, Grace B. Moore, executed a will naming her granddaughters, Appellant and Susan N. Gauntlett, as co-executrices. The will directed that upon her death the co-executrices should sell her home located at 105 Franklin Street, Dallas, Pennsylvania, 18162 (the Property) and split the proceeds. In August 1993, Grace B. Moore executed a codicil to her will directing that within four months of her death Appellant could exercise an option to purchase the Property at fair market value less an amount equal to the cost of any capital improvements Appellant had made to the Property during Grace B. Moore's lifetime. Although Grace B. Moore died in 1999, an estate was never opened in her name. Appellant has lived at the Property since 1993 and during that time has paid all taxes on the Property and made various capital improvements. Appellant and her co-executrix and co-heir have been estranged since before Grace B. Moore's death.

On September 20, 2012, the Property was exposed to public sale for non-payment of real estate taxes for the year 2010. The balance due on the Property for tax year 2010 was approximately $287.55. Reproduced Record (R.R.) at 7a. According to the statement of receipts provided by the Luzerne County Tax Claim Bureau (Bureau), Appellant paid $2,394.34 toward the taxes assessed on the Property for the year 2010. R.R. at 6a. The Bureau sent tax-related documents addressed to "Moore Grace, c/o Megan Ide,[1] 105 Franklin Street, Dallas, Pa 18612–1812." On August 24, 2012, Appellant mailed to the Bureau a personal check in the amount of $2400.01 to pay both the delinquent 2010

taxes and taxes owed for 2011. The Bureau did not cash the check. Based upon Appellant's failure to pay the 2010 taxes, the Bureau sold the property to Glen Keller at a tax sale on September 20, 2012, for the upset price.

Appellant timely filed a petition to set aside tax sale with the trial court. The trial court held a hearing on the petition on January 29, 2013, at which Nadine Emel, a representative of the Bureau, Corey Askew, a Pennsylvania constable and Appellant testified.

Appellant testified that she began living at the Property in 1993 and that all relevant times Grace B. Moore was recorded title owner of the Property. She stated that upon her grandmother's death neither she nor Gauntlett opened an estate. Appellant further testified that she paid the taxes on the Property every year and undertook capital improvements on the Property including removal of a damaged detached garage. Appellant testified that she received a letter notifying her that she owed taxes on the Property and that she responded to this letter by mailing a check to the Bureau on August 24, 2012. She stated that the next communication she received regarding the property was a note on her porch asking her to call a Tony Menino. When she called Menino, he informed her that he had bought the Property at a tax sale. She does not recall receiving any communications from the Bureau regarding a tax sale of the Property and she did not see any notices posted on the house.

Emel, the assistant director of the Bureau, testified regarding the steps the Bureau takes before selling a property at tax sale. Emel stated that the Bureau required that taxpayers whose property was listed for tax sale within 30 days must pay

---

1. Ide is Megan Moore's former married name.

either in cash or with a certified check or money order. Emel testified that she was unaware of the Bureau receiving any check from Appellant. She stated that it is possible that an employee returned the check because it was a personal check. Emel testified that according to the postal service records the notice of tax sale which was sent out by certified mail was originally marked undeliverable, then marked as delivered to an address in Wilkes–Barre and eventually returned to the Bureau. She stated that notice was never sent to Gauntlett. Emel testified that the Bureau's record does not contain any proofs of service or green signature cards, nor any evidence that the Bureau did any further searches to obtain alternate contact information. She also admitted that there is nothing in the record showing that the Bureau offered the Appellant an opportunity to pay her taxes through an installment plan. R.R. at 117a; Notes of Testimony (N.T.) at 43–44.

Askew testified that he visited the Property at least three times. He knocked on the door and when no one answered he taped the notice of tax sale to the front door each time. R.R. at 118a; N.T. at 48–49. On direct examination he stated that he made personal service by posting the notice on the door. *Id.* On-cross examination, he testified that personal service meant he had to hand the notice to a person. R.R. at 118a; N.T. at 50. Askew then testified that he never accomplished personal service on Appellant because no one answered the door at the Property.[2] *Id.*

The trial court denied the petition to set aside tax sale because Section 607(b) of the Real Estate Tax Sale Law (the Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.607(b), provides that "any owner or lien creditor" may file objections or exceptions to a tax sale. The trial court concluded that Appellant was neither an "owner" nor a "lien creditor" of the Property as defined by Section 102 of the Law, 72 P.S. § 5860.102, which defines the term "owner" as follows in relevant part:

[T]he person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property. . . .

The trial court held that Appellant did not have standing to object to the tax sale. The trial court also summarily concluded that notice of the sale had been provided in compliance with Section 602 of the Law. 72 P.S. § 5860.602. The trial court did not address Appellant's argument that the Bureau was required to provide notice of the option to enter into an installment agreement, as required by Section 603 of the Law, 72 P.S. § 5860.603. This appeal followed.[3]

Appellant argues that she has standing to object to the tax sale because she has legal title to the Property as co-executrix

---

2. The record contains two affidavits signed by Askew. The affidavit of posting states that Askew personally posted the Property on the front door on August 22, 2012. The personal service affidavit dated August 23, 2012, states that he personally served a copy of the tax sale notice on Megan Ide.

3. On October 18, 2013, the Bureau filed a notice of non-participation. On October 25, 2013, this Court entered an order precluding from participation in this matter Glen Keller and REO Property Management, LLC for failure to file a brief as directed.

and co-heir. Appellant contends that a devisee acquires legal title to specifically devised real property at the death of the testator subject to the powers of the personal representative under the Probate, Estate and Fiduciaries Codes, 20 Pa.C.S. § 301(b). She asserts that until distribution of Grace B. Moore's estate is accomplished full legal title is found in both Appellant and Gauntlett.

Whether a party has standing to object to a tax sale and the right to notice of a tax sale are two different questions. *Husak v. Fayette Cnty. Tax Claim Bureau*, 61 A.3d 302 (Pa.Cmwlth.2013). In *Husak*, this Court held that the Husaks, who had equitable title to a property, had standing to challenge a tax sale because Section 607(b) of the Law provides that objections or exceptions to a tax sale may be brought by "any owner or lien creditor. . . ." 72 P.S. § 5860.607(b). Even though the Husaks were unable to record a quitclaim deed, they had standing to challenge the tax sale because they were an aggrieved party with the requisite substantial, direct and immediate interest as the equitable owners of the property. 61 A.3d at 309–10.

■■■ The Section 102 definition of "owner" is relevant to whether the Bureau was required to provide Appellant with notice of a real estate tax sale conducted pursuant to Section 602 of the Law. As demonstrated by *Husak*, whether Appellant had standing to challenge the tax sale is based upon whether she had the requisite substantial, direct and immediate interest in the sale of property to qualify as an aggrieved party. 61 A.3d at 309–10. At the time of the tax sale, Appellant had been living at the Property for 18 years and had invested substantial sums in capital improvements and had been paying the tax bill. The Bureau was clearly aware that Appellant was the person responsible for paying the taxes as correspondence

was addressed to "Moore Grace, c/o Megan Ide." Thus, Appellant fits the Law's definition of an owner occupant, which is defined as "the owner of a property which has improvements constructed thereon and for which the annual tax bill is mailed to an owner residing at the same address as that of the property." 72 P.S. § 5860.102. Although Appellant is not an "owner" as defined by the Law because her name is not on the last registered deed to the Property, she is an equitable owner of the Property as a devisee of Grace B. Moore. *Maier v. Henning*, 525 Pa. 160, 578 A.2d 1279, 1282 n. 5 (1990) (holding that a devisee acquires legal title to real property at the death of the testator, subject to the powers of the personal representative under Section 301(b) of the Probate, Estate and Fiduciaries Code, 20 Pa.C.S. § 301(b)). We conclude that Appellant, as an equitable owner, has the requisite substantial, direct and immediate interest in the sale of property to challenge the tax sale.

Appellant argues that the Bureau failed to offer her the opportunity to enter into an installment agreement as required by Section 603 of the Law, 72 P.S. § 5860.603, which provides in relevant part that:

> Any owner or lien creditor of the owner may, at the option of the bureau, prior to the actual sale. . . . (2) enter into an agreement, in writing, with the bureau to stay the sale of the property upon the payment of twenty-five per centum (25%) of the amount due on all tax claims and tax judgments filed or entered against such property and the interest and costs on the taxes returned to date, as provided by this act, and agreeing therein to pay the balance of said claims and judgments and the interest and costs thereon in not more than three (3) installments all within one (1) year of the date of said agreement . . . So long as said agreement is being fully complied with by the taxpayer, the sale of

the property covered by the agreement shall be stayed. . . .

This court has repeatedly held that where an owner has paid at least 25% of the taxes due, the tax authority is required to inform the owner of the option to enter into an installment agreement and that a failure to do so is a violation of the owner's due process rights. *Reilly v. Susquehanna Cnty. Tax Claim Bureau,* 904 A.2d 49, 53 (Pa.Cmwlth.2006); *York v. Roach,* 163 Pa.Cmwlth. 58, 61–62, 639 A.2d 1291 (1994); *Darden v. Montgomery Cnty. Tax Claim Bureau,* 157 Pa.Cmwlth. 357, 629 A.2d 321, 323–24 (1993).

■ The record shows that Appellant had paid $2,394.34 in taxes for 2010 and that her outstanding balance was $287.55. R.R. 6a–7a. Thus, at the time the Property was listed for tax sale, Appellant had paid approximately 88% of the tax owed for 2010. Appellant testified that the Bureau did not offer her the opportunity to enter into an installment agreement. Further, Emel, the assistant director of the Bureau, testified that the Bureau records did not show that the Bureau offered Appellant the opportunity to enter into an installment agreement. We conclude that the trial court erred as a matter of law in denying Appellant's petition to set aside tax sale when the record showed that the Bureau failed to offer Appellant, who was an equitable owner of the property and had paid well in excess of 25% of the taxes due, the opportunity to enter into an installment agreement.[4]

Accordingly, we reverse and remand for entry of an order setting aside the tax sale.

*ORDER*

AND NOW, this 5th day of June, 2014, the order of the Court of Common Pleas of Luzerne County is hereby REVERSED and the above-captioned matter is remanded for entry of an order setting aside the tax sale.

Jurisdiction relinquished.

---

4. Appellant also argues that the tax sale was void because the Bureau failed to comply with the notice requirements of Section 602 of Law, 72 P.S. § 5860.602. Specifically, Appellant asserts that the Bureau failed to provide personal notice of the tax sale to both herself and Gauntlett. As we have determined that the trial court erred as a matter of law on the grounds discussed above, we need not address Appellant's other arguments.