IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric and Joan Alexis,                    :
                              Appellants :
                                         :
              v.                         :
                                         :
Ronald Koldjeski and Lackawanna          :    No. 1729 C.D. 2015
County Tax Claim Bureau                  :    Submitted: April 15, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: August 22, 2016


          Eric and Joan Alexis (collectively, Alexises) appeal pro se from the Lackawanna County Common Pleas Court's (trial court) July 17, 2015 order denying their Objections and Exceptions to Confirmation of Tax Sale (Petition) and sustaining the April 20, 2015 judicial tax sale of the property located at 213 Main Street, Blakely Borough, Lackawanna County (Property) to Frank Montaro (Montaro).  The following issues are before the Court: (1) whether the trial court erred by determining that the Alexises have no legal right to the Property; (2) whether the trial court erred by determining that the Lackawanna County Tax Claim Bureau (Bureau) complied with all notice provisions; and (3) whether the Alexises were legally notified of the judicial tax sale.[1]  After review, we affirm.

_____

[1] In their brief, the Alexises state their third issue as whether a judicial sale should have been held if the Alexises were not notified, and their fourth issue as whether the Alexises should have been notified according to law.  Because both issues essentially ask the same question, we restated the Alexises' issues and combined them accordingly.

The Estate of Tillie Popewchak[2] (Estate) holds the Property's title. Marsha Alexis Boland (Boland) is the Estate's Administratrix. The Property's real estate taxes were not paid for tax years 2008 through 2014, resulting in a $14,450.46 delinquent tax balance. Following an unsuccessful upset tax sale, the Property was selected for inclusion in the Bureau's 2015 judicial tax sale. On January 20, 2015, the Bureau filed a petition for judicial sale (Sale Petition) and rule to show cause (Rule) with the trial court. The trial court issued a Rule scheduling a March 11, 2015 hearing. On February 5, 2015, the Lackawanna County Sheriff's Office personally served a copy of the Sale Petition and Rule on Boland. On February 20, 2015, notice of the sale was published in The Times-Tribune. Boland did not appear at the March 11, 2015 hearing.

Joan Alexis, who resides at the Property with her disabled husband Eric Alexis, appeared at the March 11, 2015 hearing and negotiated an installment plan of $200.00 per month to pay the delinquent tax balance beginning on April 3, 2015 to avert the Property's judicial tax sale. The trial court advised Joan Alexis that her failure to make the negotiated payment would result in the Property's sale on April 20, 2015. Joan Alexis failed to remit the required payment and, on April 16, 2015, the trial court ordered the Property's sale. Montaro purchased the Property at the Bureau's April 20, 2015 judicial tax sale. On May 20, 2015, the Alexises filed their Petition with the trial court. On July 8, 2015, the trial court held a hearing and on July 17, 2015, the trial court denied the Petition. On August 24, 2015, the Alexises

---

[2] Eric Alexis was Tillie Popewchak's grandson.

2

appealed from the trial court's order to the Pennsylvania Superior Court.[3] By September 15, 2015 order, the Superior Court transferred the matter to this Court.[4]

The Alexises first argue that the trial court erred by determining that they have no legal right to the Property because pursuant to a "family agreement" they have "residency rights" to the Property. Supplemental Reproduced Record (S.R.R.) at 32B. At the July 8, 2015 hearing, counsel for the Bureau and the Bureau's Deputy Director Ronald Koldjeski (Koldjeski) argued:

> As an initial matter, the [Bureau] recognizes that [it has the] burden to show compliance with the statutory notice requirements. However, [the Alexises] are not, for the record, owners of the [P]roperty. So I think standing is a threshold issue. My research has not reflected any deed, quitclaim deed or any such document evidencing title of the property. In fact, it's the opposite. So we'd ask for an offer of proof at least for the standing element before we move forward with our case.

S.R.R. at 3-4B. However,

> [t]he Section 102 [of the Real Estate Tax Law (Law)[5]] definition of 'owner' is relevant to whether the Bureau was required to provide [the Alexises] with notice of a real estate tax sale conducted pursuant to Section 602 of the Law.[6] As demonstrated by *Husak* [*v. Fayette County Tax Claim Bureau,* 61 A.3d 302 (Pa. Cmwlth. 2013)], whether [the Alexises] had standing to challenge the tax sale is based upon whether [they] had the requisite substantial, direct and immediate interest in the sale of [the P]roperty to qualify as [] aggrieved part[ies].

---

[3] By August 14, 2015 order, the trial court granted Joan Alexises' petition to proceed in forma pauperis.

[4] "Our standard of review in a tax[]sale case is limited to determining whether the trial court abused its discretion, rendered a decision lacking supporting evidence, or clearly erred as a matter of law." *In Re Lackawanna Cnty. Tax Claim Bureau,* 91 A.3d 316, 317 n.8 (Pa. Cmwlth. 2014).

By April 11, 2016 order, this Court precluded Montaro and Boland from filing briefs for failure to timely file them in accordance with this Court's prior order.

[5] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.102.

[6] 72 P.S. § 5860.602.

3

*Moore v. Keller,* 98 A.3d 1, 4 (Pa. Cmwlth. 2014). Here, at the time of the judicial tax sale, the Alexises had been living at the Property for 21 years. *See* S.R.R. at 16B. **Joan Alexis testified** at the July 8, 2015 hearing that, pursuant to an agreement with the Department of Public Welfare (DPW), although the Property was devised to the Alexises, **because DPW had a lien against the Property, a deed could not be recorded in their name**;[7] however, they could reside there as long as **the deed remained in decedent Tillie Popewchak's name**. S.R.R. at 23B. As explained in the "Current Owner Search," there was an

> [a]greement between [Boland] and the [DPW], dated [September 22, 2009], recorded [November 4, 2009], allowing Eric Alexis . . . and his family to reside in the [Property] until his death or until the estate desires to sell the [Property], at which time the net proceeds shall be used first to pay the [DPW c]laims.

S.R.R. at 49B.

> Although [the Alexises] [are] not []'owner[s]' as defined by the Law because [their] name[s] [are] not on the last registered deed to the Property, [they are] equitable owner[s] of the Property as [] devisee[s] of [Tillie Popewchak]. *Maier v. Henning,* . . . 578 A.2d 1279, 1282 n. 5 ([Pa.] 1990) (holding that a devisee acquires legal title to real property at the death of the testator, subject to the powers of the personal representative under Section 301(b) of the Probate, Estate and Fiduciaries Code, 20 Pa.C.S. § 301(b)). We conclude that [the Alexises], as [] equitable owner[s], ha[ve] the requisite substantial, direct and immediate interest in the sale of [the P]roperty to challenge the tax sale.

*Moore,* 98 A.3d at 4. Having determined that the Alexises had a legal interest in the Property which gave them standing to challenge the Property's judicial tax sale, we

---

[7] DPW had a $103,000.00 lien against the Property. *See* S.R.R. at 23B.

must now decide whether the Bureau was required to provide the Alexises with notice of the sale.

Section 602(e)(1) of the Law provides: "At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each **owner as defined by** [**the Law**]." 72 P.S. § 5860.602. Section 102 of the Law defines "**Owner**[]" as:

> **the person in whose name the property is last registered**, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property[.]

72 P.S. § 5860.102 (text emphasis added).

> [**I**]**f the owner to whom a notice of tax sale was sent is deceased and letters testamentary were granted, as in the case** *sub judice,* **no further evidence is needed to trigger the reasonable efforts requirement on the part of the tax bureau**. Further, a tax claim bureau must make reasonable, but not extraordinary, efforts to provide notice under the Law. Those reasonable efforts must include a search of dockets and indices of the county tax assessment offices, recorder of deeds, prothonotary's office, and contacts to any apparent alternate address which may have been written on or in the file pertinent to the property at issue.

*Stanford-Gale v. Tax Claim Bureau of Susquehanna Cnty.,* 816 A.2d 1214, 1217 (Pa. Cmwlth. 2003) (citation omitted; emphasis added). Here, there is no dispute that "the [Estate], a/k/a Tillie Pope[w]chak, deceased[]" is "the last deeded owner[] of record for the [P]roperty[.]" S.R.R. at 7B. Nor is it contested that the Bureau sent notice to Boland because "letters of administration . . . were granted to [Boland]." S.R.R. at

5

9B. Thus, it was "reasonable" for the Bureau to believe it had provided proper "notice under the Law." *Stanford-Gale,* 816 A.2d at 1217.

Because the record evidence is clear that the Alexises are not the owners of the Property, the Bureau was not obligated to notify them of the sale. Moreover, since the undisputed record evidence demonstrates that the "Estate of Tillie Popewchak" is the Property's owner, the Bureau was only required to notify the Estate's administratrix of the sale. S.R.R. at 48B. *Stanford-Gale.* Boland, as administratrix of the Estate, received timely notice of the pending sale. Accordingly, the trial court properly determined that the Bureau complied with all notice provisions.[8]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[8] Given our disposition of this issue, we need not address whether the Alexises were legally notified.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric and Joan Alexis,           :
                  Appellants      :
                               :
            v.               :
                               :
Ronald Koldjeski and Lackawanna   :     No. 1729 C.D. 2015
County Tax Claim Bureau         :

## O R D E R

AND NOW, this 22nd day of August, 2016, the Lackawanna County Common Pleas Court's July 17, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge