# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Apex Mortgage Corp., Frank : 
Basilavecchio, and Lisa : 
Basilavecchio : 
            : No. 26 C.D. 2024
        v. : 
            : Argued: June 3, 2025
Delaware County Tax Claim Bureau : 
and Nelson Cruz, LLC : 
            : 
Appeal of: Nelson Cruz, LLC : 


BEFORE:     HONORABLE ANNE E. COVEY, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE STACY WALLACE, Judge


**OPINION BY**
**JUDGE DUMAS**                                         **FILED: July 8, 2025**


Nelson Cruz, LLC (Appellant) appeals from the order issued by the Court of Common Pleas of Delaware County (trial court) on December 14, 2023, which granted the joint petition to set aside an upset tax sale filed by Frank and Lisa Basilavecchio (Owners) and Apex Mortgage Corporation (Apex) (collectively, Appellees). In this case, the Owners were not delinquent in their tax obligations, and, therefore, the tax sale was void *ab initio*. Accordingly, we affirm the trial court's decision to set aside the tax sale.

# I. BACKGROUND[1]

The Owners held title to property located at 0-6 Wolfendale Ave., Collingdale, Pennsylvania 19023 (Property), and Apex was the holder of a first mortgage on the Property. On September 22, 2022, the Delaware County Tax Claim Bureau (Bureau) sold the Property to Appellant at an upset tax sale based on a report that the Owners were delinquent on their 2019 real estate taxes. A deed to the Property was duly recorded on February 17, 2023. After discovering that another party claimed to hold a deed to the Property, the Owners contacted Apex. On March 15, 2023, Appellees filed a joint petition to set aside the tax sale, alleging that the sale should not have occurred because the 2019 taxes had, in fact, been paid.

The trial court held a hearing on November 1, 2023. At the hearing, Apex testified that the Owners had consistently made timely mortgage payments each month since 2005. *See* Notes of Testimony (N.T.), 11/1/23, at 12. Apex further explained that a portion of each payment was allocated to an escrow account used to pay the Owners' property taxes.

The tax collector for Collingdale Borough and the Bureau's upset tax sale coordinator also testified. The tax collector conceded that the 2019 taxes had, in fact, been paid, as shown by proof of payment submitted in the form of a check from Apex, which was deposited into Collingdale Borough's account and credited toward the Property's real estate taxes. *See* N.T. at 14-20. The Bureau's upset tax sale coordinator testified that she does not independently verify whether the taxes are delinquent but relies solely on the reports from the borough tax collector. *See id.* at 26. However, after hearing the tax collector's testimony, she acknowledged that the taxes on the Property had been paid. *See id.* at 37-38. Ultimately, following

---

[1] Unless otherwise stated, we adopt the factual background for this case from the trial court's opinion, which is supported by substantial evidence of record. *See* Trial Ct. Op., 3/13/24.

all testimony at the hearing, both Appellant and Appellees agreed that the taxes in question were paid, and that the tax sale resulted from a mistake by the Bureau.

The trial court granted the joint petition to set aside the sale, and Appellant timely appealed. In response, the trial court issued an opinion explaining its decision.

## II. ISSUES

Appellant presents two issues for our review. First, Appellant asserts that Apex lacks standing to participate in these proceedings. *See* Appellant's Br. at 8-10. Second, Appellant contends that after a claim becomes absolute, the only permissible challenge to an upset tax sale is one based on the regularity or legality of the sale proceedings, not a challenge to the validity of the underlying tax obligation. *See id.* at 10-12. According to Appellant, Appellees' joint petition improperly sought to contest the "correctness" of the tax claim itself, a challenge that, in Appellant's view, must be raised before the claim becomes absolute. *See id.* at 11-12.

## III. DISCUSSION[2]

### A. Standing

Appellant asserts that Apex lacks standing to participate in these proceedings because an upset tax sale conveys "title to the property under and subject to the lien of every recorded mortgage." *See* Appellant's Br. at 9. Accordingly, Appellant contends that Apex, as the mortgagee, lacks the substantial, direct, and immediate interest required to qualify as an aggrieved party. *See id.* at

---

[2] In tax sale cases, our review is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence. *In re Balaji Invs., LLC*, 148 A.3d 507, 509 n.2 (Pa. Cmwlth. 2016).

9-10 (quoting Section 609 of the Real Estate Tax Sale Law (RETSL),[3] 72 P.S. § 5860.609[4]).

In response, Appellees contend that Apex has standing because it holds an equitable interest in the Property and has been directly aggrieved by the tax sale. As such, Apex satisfies the requirement of a substantial, direct, and immediate interest necessary for standing. *See* Appellee's Br. at 11-12 (citing *Shipley v. Tax Claim Bureau of Del. Cnty.*, 74 A.3d 1101, 1107 (Pa. Cmwlth. 2013)).

Generally, a party must be "aggrieved" to have standing, in that the party must have an interest in the matter that is substantial, direct, and immediate. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 282-83 (Pa. 1975). It is well settled that standing is not a jurisdictional question. *See In re Paulmier*, 937 A.2d 364, 368 n.1 (Pa. 2007). "In contrast to the federal approach, notions of case or controversy and justiciability in Pennsylvania have no constitutional predicate, do not involve a court's jurisdiction, and are regarded instead as prudential concerns implicating courts' self-imposed limitations." *Robinson Twp. v. Commonwealth*, 83 A.3d 901, 917 (Pa. 2013). Because standing is a "prudential" concern, it can be waived in the event an opposing party does not raise it at the earliest possible juncture. *Diop v. Bureau of Pro. & Occupational Affs., State Bd. of Cosmetology*, 272 A.3d 548, 559 (Pa. Cmwlth. 2022); *see also* Pa.R.A.P. 302(a) (stating "[i]ssues not raised in the trial court are waived and cannot

---

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803

[4] Section 609 of RETSL states:

> Nondivestiture of Liens. Every such sale shall convey title to the property under and subject to the lien of every recorded obligation, claim, lien, estate, mortgage, ground rent and Commonwealth tax lien not included in the upset price with which said property may have or shall become charged or for which it may become liable.

72 P.S. § 5860.609.

4

be raised for the first time on appeal"). Indeed, a court cannot step into the breach in instances where a party fails to challenge its opponent's standing and the court commits legal error if it elects to do so on its own motion. *See In re Gun Range, LLC*, 311 A.3d 1242, 1248 (Pa. Cmwlth. 2024).

Here, the record contains no indication that Appellant properly raised the issue of standing before the trial court in a manner sufficient to preserve it for appellate review. The only reference to standing appears during the trial court hearing, when, in response to the trial court's direct question—"Are you in agreement that these taxes were actually paid by the homeowner in this particular case?"—Appellant's counsel replied, "what I can help the [trial court] out with, I'm in agreement that Apex has no standing in this matter at this time . . . ," to which the trial court interjected, "Well that wasn't my question." *See* N.T. at 39. This passing remark does not amount to a proper challenge of standing, as it was not presented with any legal grounding or developed argumentation and therefore does not preserve the issue for appellate review.

Additionally, following the hearing, the trial court explicitly invited the parties to submit briefs or supporting documentation regarding the petition to set aside the tax sale. *See* N.T. at 44-45. Appellant had a clear opportunity to raise the issue of standing in a post-hearing submission. However, there is no indication in the record that Appellant did so. Notably, the trial court did not address standing. *See generally* Trial Ct. Op. As such, the issue of standing is waived on appeal.[5] *See Diop*, 272 A.3d at 559; Pa.R.A.P. 302(a).

---

[5] Even if Appellant had properly preserved the issue of standing, we would conclude that Apex has standing to participate in these proceedings. As the holder of a mortgage lien on the Property, Apex would be directly affected by the sale. We agree with Appellant that an upset tax sale does not discharge existing mortgages, as the sale conveys title to property "under and subject

5

## B. Joint Petition to Set Aside the Tax Sale

Appellant asserts that any challenge to the validity of a tax claim must be raised before that claim becomes absolute. *See* Appellant's Br. at 11 (citing Section 314(a) of RETSL[6]). According to Appellant, because the record does not reflect that the Owners challenged the claim prior to it becoming absolute, they "failed to avail themselves of the exclusive remedy for challenging" the claim. *Id.* at 12. Appellant further asserts that, after a sale has occurred, the only available

---

to the lien of every recorded obligation, claim, lien, estate, mortgage, ground rent and Commonwealth tax lien not included in the upset price." 72 P.S. § 5860.609. Because the mortgage remains attached to the property following an upset tax sale, this reinforces the conclusion that the mortgagee has a substantial, direct, and immediate interest in the outcome of proceedings concerning the validity of the sale. Moreover, the Real Estate Tax Sale Law (RETSL) expressly permits lienholders to file objections or exceptions to a tax sale and to challenge the sale following the entry of a confirmation *nisi*. *See* 72 P.S. § 5860.607(b). These statutory provisions acknowledge the rights of lienholders in tax sale proceedings and further support their standing to challenge such sales. While courts have limited certain lienholder rights, for example, holding that mortgagees are not entitled to personal notice of a tax sale, *see Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 182 (Pa. Cmwlth. 1999), standing and notice remain distinct legal concepts. As this Court has observed, "[w]hether a party has standing to object to a tax sale and the right to notice of a tax sale are two different questions." *Moore v. Keller*, 98 A.3d 1, 4 (Pa. Cmwlth. 2014).

[6] Section 314(a) provides:

> Any claim for taxes may, prior to the time it becomes absolute, be set aside or reduced in amount by the bureau with which it is filed if the claim is found invalid in whole, or in part, by reason of the fact that the taxes for which the claim was entered were paid in whole, or in part, to a proper officer or agent of the taxing district, or is found invalid, in whole or in part, for any other reason not involving a question which could have been raised by an appeal provided for by law.

> Any such claim prior to the time it becomes absolute may be set aside or reduced in amount by the court of common pleas on appeal, as hereinafter provided, for any reason which constitutes a just, sufficient and valid defense to the claim in whole, or in part, except want of notice of the return and entry of the claim by the bureau, or for any dispute in the amount of the claim which involves the amount of the assessed valuation of the property or the validity of the tax levied.

72 P.S. § 5860.314(a).

method of challenge is through the filing of objections and exceptions under Section 607(d) of RETSL, which permits challenges only to the regularity or legality of the bureau's procedures, not the underlying validity of the tax claim itself. *See id.* at 10-11. Accordingly, Appellant concludes, the trial court erred in granting the joint petition to set aside the sale. *See generally id.*

In response, Appellees acknowledge that the claim had become absolute but maintain their challenge to the claim was permissible because the Owners had paid their taxes. *See* Appellee's Br. at 9-10 (citing Section 314(e) of RETSL[7]). Further, according to Appellees, because the taxes were in fact paid, the tax sale of the Property was void *ab initio*. *See id.* at 6-7. Appellees emphasize that this sale unlawfully deprived the Owners of their property rights, which is contrary to the core purpose of tax sales—to facilitate the collection of unpaid taxes, not to divest rightful owners of their property. *See id.* at 7-8.

The purpose of RETSL is to ensure the collection of taxes, not to deprive citizens of their property. *Aldhelm, Inc. v. Schuylkill Cnty. Tax Claim Bureau*, 879 A.2d 400, 403 (Pa. Cmwlth. 2005). "[I]t is a momentous event . . . when a government subjects a citizen's property to forfeiture for the non-payment of taxes." *Tracy v. Chester Cnty. Tax Claim Bureau*, 489 A.2d 1334, 1339 (Pa. 1985). Therefore, a taxing bureau must strictly comply with RETSL's statutory requirements. *Sampson v. Tax Claim Bureau of Chester Cnty.*, 151 A.3d 1163, 1168

---

[7] Specifically, Section 314(e) states:

No taxpayer shall have the right to proceed by petition to the court of common pleas to *open* a claim absolute under the provisions of this act, *except on the ground of payment of the tax involved* or failure to receive notice. The remedy provided by this section to contest a tax claim entered shall be deemed exclusive except as herein otherwise provided.

72 P.S. § 5860.314(e) (emphasis added).

(Pa. Cmwlth. 2016); *see In re Sale of Tax Delinquent Prop. on Oct. 19, 2020*, 308 A.3d 890, 897 (Pa. Cmwlth. 2024) (recognizing the right to enjoy one's property free of governmental interference).

Under RETSL, the bureau must provide the taxpayer with proper notice of any delinquent tax claim. *See* Sections 307 and 308 of RETSL, 72 P.S. §§ 5860.307-5860.308. Once a tax claim becomes absolute, the bureau must also give the taxpayer adequate notice of any upcoming tax sale. *See* Section 602 of RETSL, 72 P.S. § 5860.602. Importantly, at any time before the sale, the taxpayer has the right to discharge the claim by paying the full amount of absolute taxes and any accrued interest. *See* Section 603, 72 P.S. § 5860.603.

A property can be sold only if the tax claim has become absolute. *See* 72 P.S. § 601(a)(1)(i). After a delinquent property is sold at an upset tax sale, the sale is confirmed *nisi* within 30 days of the bureau's submission of the consolidated return. *See* Section 607(a), 72 P.S. § 5860.607(a). If no objections or exceptions are filed within 30 days after the court issues the confirmation *nisi*, a "decree of absolute confirmation" is automatically entered by the prothonotary. *See* Section 607(c), 72 P.S. § 5860.607(c). Generally, "[o]nce a tax sale has been absolutely confirmed, no person may, by judicial proceedings, inquire into a bureau's proceedings with respect to the sale, except for giving notice under [RETSL]." *Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 182 (Pa. Cmwlth. 1999) (citing Section 607(g) of RETSL, 72 P.S. § 5860.607(g)).

Nevertheless, we have recognized an exception to this general rule. In relevant part, Section 314(e) of RETSL provides that "[n]o taxpayer shall have the right to proceed by petition to the court of common pleas to open a claim absolute under the provisions of this act, *except on the ground of payment of the tax*

8

*involved . . . .*" 72 P.S. § 5860.314(e) (emphasis added). "Where a property is improperly listed for upset tax sale, such as where all of the taxes had been paid, the upset sale of that property was void *ab initio . . . .*" *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 631 (Pa. Cmwlth. 2021) (citing *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa. Cmwlth. 2001)[8] favorably); *see also, e.g.*, *Tamang v. Dauphin Cnty. Tax Claim Bureau* (Pa. Cmwlth., No. 1180 C.D. 2022, filed July 31, 2024), 2024 WL 3587230 (affirming a trial court's conclusion that the tax claim and tax sale were rendered void *ab initio* because there was substantial evidence that the owners had paid their property taxes).[9] So, if a taxpayer can establish that they paid the tax involved, then the tax claim did not become absolute, and the tax sale is void *ab initio*. In other words, complete payment of the tax involved is grounds for setting aside an upset tax sale.

Therefore, in our view, Appellant's arguments are misplaced. While we agree that a claim absolute generally forecloses challenges to the claim's validity, Section 314(e) of RETSL expressly carves out a limited exception for actual payment of the taxes. *See* 72 P.S. § 5860.314(e). We also reject Appellant's contention that Appellees failed to pursue the "exclusive remedy" available to them by not filing objections or exceptions under Section 607(d). Nothing in RETSL mandates the filing of objections or exceptions as a prerequisite to filing a petition to set aside a tax sale. *See generally* RETSL. To the contrary, Pennsylvania courts have recognized that a tax sale conducted without a valid tax delinquency is void *ab initio*. *See Poffenberger*, 776 A.2d at 1042; *Tamang*, 2024 WL 3587230, at *5.

---

[8] We applied this exception "notwithstanding that the petition to set aside was filed outside the applicable statute of limitations period." *Poffenberger*, 776 A.2d at 1042.

[9] We may cite this Court's unreported memorandum opinions issued after January 15, 2008, for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

9

Here, the parties stipulated that the taxes at issue were paid in full prior to the sale. N.T. at 40-41; *see also* N.T. at 18-19 (Bureau acknowledging the Property was sold in error). Thus, the taxes were not delinquent, and there was no lawful basis for the sale and deprivation of the Owners' property. As such, the tax sale was void *ab initio*. *See Poffenberger*, 776 A.2d at 1042; *Tamang*, 2024 WL 3587230, at *5. To hold otherwise would be contrary to the fundamental purpose of RETSL. *See Aldhelm*, 879 A.2d at 403.

## IV. CONCLUSION

The issue of standing is waived on appeal. *See Diop*, 272 A.3d at 559 (Pa. Cmwlth. 2022); Pa.R.A.P. 302(a). Additionally, because the taxes were paid and the Property was improperly listed for sale, the trial court did not err in setting aside the tax sale. *See Poffenberger*, 776 A.2d at 1042; *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d at 631; *Tamang*, 2024 WL 3587230, at *5.

Accordingly, we affirm.

**LORI A. DUMAS, Judge**

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Apex Mortgage Corp., Frank : 
Basilavecchio, and Lisa : 
Basilavecchio : 
 : No. 26 C.D. 2024
v. : 
 : 
Delaware County Tax Claim Bureau : 
and Nelson Cruz, LLC : 
 : 
Appeal of: Nelson Cruz, LLC : 

## O R D E R

AND NOW, this 8th day of July, 2025, the order entered by the Court of Common Pleas of Delaware County on December 14, 2023, is AFFIRMED.

**LORI A. DUMAS, Judge**