559 A.2d 600

**In re the UPSET SALE OF PROPERTIES AGAINST WHICH DELINQUENT 1981 TAXES WERE RETURNED TO The TAX CLAIM UNIT ON OR ABOUT THE FIRST MONDAY OF MAY, 1982.**

**Appeal of Lawrence MARRA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1989.

Decided May 30, 1989.

Dwight L. Danser, Easton, for appellant.

Jill E. Fackenthal, Bethlehem, Judith L. Jones, Lehigh Valley Services, Allentown, Jack A. Panella, Easton, Pa., for appellee.

Before DOYLE and SMITH (P.), JJ. and KALISH, Senior Judge.

KALISH, Senior Judge.

Lawrence Marra appeals from an order of the Court of Common Pleas of Northampton County, which sustained objections to the tax sale of property belonging to Pedro Torres for the non-payment of 1981 real estate taxes, and set aside the sale of the property. We affirm.

The Pennsylvania Constitution and the United States Constitution through the Fourteenth Amendment provide that no person shall be deprived of his property except by due process of law.

Thus, we have consistently held that the notice provision of tax sale statutes must be strictly complied with in order to guard against depriving a person of his interest in his property without due process of law. *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979); *Hess v. Westerwick,* 366 Pa. 90, 76 A.2d 745 (1950); *Ross Appeal* 366 Pa. 100, 76 A.2d 749 (1950); *Chester County Tax Claim Bureau Appeal,* 208 Pa.Superior Ct. 384, 222 A.2d 602 (1966).

In *Ross Appeal,* citing *Westerwick,* 366 Pa. at 98, 76 A.2d at 748, our Supreme Court recognized that in these types of sales, due process encompasses fundamental procedural fairness. The tax collection authorities were reminded that, "the purpose of tax sales is not to strip the tax payer of his property but to insure the collection of taxes." The taxing authorities should not ignore common sense business practices. The strict provisions of the tax sale laws were meant not to punish taxpayers who, through oversight or error, failed to pay taxes. Tax acts were meant to protect local governments against willful, persistent, and long-standing delinquencies. The facts of this case amply demonstrate this concept.

Our scope of review is limited to determining whether the common pleas court abused its discretion, lacked supporting evidence, or erred as a matter of law. *Molchan Appeal,* 94 Pa.Commonwealth Ct. 423, 503 A.2d 1051 (1986).

The property owner, Pedro Torres, was unemployed and did not pay the real estate taxes due on his property for the year 1981. He received notices of the tax sale of his property. Torres went to the Northampton County Tax Claim Unit (Tax Unit) and paid $300 on his 1981 taxes. This left a balance of $100.

Section 603 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.603, provides that prior to sale any owner may, at the option of the bureau, enter into an agreement with the bureau to stay the sale. The sale will be stayed upon the payment of twenty-five percent of the amount due and an agreement to pay the balance in installments. The notice of the tax sale sent to Torres contained a similar statement.

When Torres paid the $300 he never asked the Tax Unit to enter into an installment agreement, nor did the Tax Unit advise him of this opportunity when he paid the $300, which was more than twenty-five percent. The Tax Unit kept the money.

Torres testified that he thought such a payment would not subject the property to a sale. The clerk who waited on him testified that if the property owner said he wanted to stop the sale, she would have given him the installment agreement.

The issue is whether under these circumstances it is an element of fundamental fairness, procedural due process, for the Tax Unit to affirmatively inquire of the taxpayer whether he desired to enter into an installment agreement. We hold that under these circumstances, failure to do so would deprive the owner of his property without due process of law.

There is a qualitative difference between this case and *Quality Home Improvement Co. Appeal,* 74 Pa. Commonwealth Ct. 39, 458 A.2d 1074 (1983). In that case the bureau had received a check for less than the taxes due but substantially more than the twenty-five percent of the balance, *but had returned the check with a statement of the*

*amount due. No further payment was made,* and the land was sold at a tax sale. This court held that under those circumstances the bureau was not under further obligation to urge the taxpayer to pay his taxes by the installment method.

In the instant case where the property owner paid at least twenty-five percent, which was kept by the Tax Unit and not returned, and the property owner made a prima facie showing of qualifying for the stay of the sale, the Tax Unit had an affirmative duty to advise him of his opportunity to make installment payments on the balance, before the Tax Unit proceeded to deprive him of his property.

Accordingly, we affirm.

### ORDER

NOW, May 30, 1989, the order of the Court of Common Pleas of Northampton County, No. 1983–CM–6737, is affirmed.