629 A.2d 321

**Elsie DARDEN, Appellant,**

v.

**MONTGOMERY COUNTY TAX CLAIM BUREAU and
Macedonia Baptist Church and Robert E. Wright.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 1993.

Decided July 28, 1993.

Marshall L. Grabois, for appellant.

No appearance, for appellees.

Before COLINS and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Elsie Darden appeals from an order of the Court of Common Pleas of Montgomery County denying her petition to appeal nunc pro tunc from the order of court confirming tax sale of her property. On appeal to this Court, Darden contends, inter alia, that the trial court improperly denied her request to proceed nunc pro tunc because Section 607(g) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.607(g), allows contests to the legality of the sale after the sale has been confirmed when the contest relates to the timing of holding the sale; and because the Bureau failed to notify Darden, as required, of her right to

enter into a written contract to stay the sale pursuant to Section 603 of the Law, 72 P.S. § 5860.603.[1]

On March 8, 1989, the Montgomery County Tax Claim Bureau notified Darden that she owed $646.45 for 1988 real estate taxes and that if she did not pay the taxes, her property would be exposed to sale. On August 18, 1989, Darden made a partial payment of $269.93 leaving a balance due of $400.54 plus interest and costs; and on August 20, 1990, she paid $300 leaving a balance due of $264.72 plus interest and cost. The Bureau sold Darden's home at a tax sale on September 10, 1990 for failure to pay the full amount of 1988 real estate taxes and costs. Robert Wright, the purchaser, paid $2,931.16 for the property. The court confirmed the sale on February 28, 1991 and the Bureau delivered a tax sale deed to Wright on March 4, 1991. Five weeks later, Wright conveyed title to the property to the Macedonia Baptist Church for $60,000. Darden filed a petition to set aside the sale and for permission to proceed *nunc pro tunc* on May 28, 1991.

Darden admitted in her deposition testimony that she received the notice of public tax sale and the warning that her property had been sold at tax sale on September 10, 1990. Although the warning indicated that she had sixty days from the date of mailing to question or write to the Bureau, she took no action. The court concluded that since Darden received proper notice of the tax sale, as well as notice that her property had been sold pursuant to Section 607(g) of the Law, she was not entitled to an appeal nunc pro tunc.

In appeals from tax sales, this Court's scope of review is limited to determining whether the trial court abused its discretion, rendered a decision without supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988). Where a tax sale is confirmed, courts shall not thereafter inquire into the sale except with respect to whether notice was given under the Law, the time the sale was held, or

1. By order of December 9, 1992, this Court precluded Appellee from filing a brief.

the time the court was petitioned for an order of sale. Section 607(g) of the Law. However, this Court has uniformly held that where a sale has not been conducted in strict accord with the provisions of the Law, the sale will be set aside. *Glyder Realty Corp. Appeal,* 75 Pa.Commonwealth Ct. 108, 461 A.2d 1329 (1983) (sale set aside after it was confirmed and tax deed was issued because property owner was incompetent at the time notices were received and the property was sold).

In addition, Section 603 of the Law provides that prior to sale any owner may, at the option of the Bureau, enter into a written agreement with the Bureau to stay the sale upon the payment of 25% of the amount due and agreement to pay the remainder in installments. In *In re Upset Sale of Properties,* 126 Pa.Commonwealth Ct. 280, 559 A.2d 600 (1989), this Court held that once a property owner paid at least 25% of the taxes due and made a prima facie showing of qualifying for a stay of the sale as provided for by Section 603, the county tax claim unit had an affirmative duty to inquire whether the property owner desired to enter into an installment agreement to stay the sale before proceeding to sell the property.[2] The tax claim unit's failure to do so would deprive the owner of his or her property without due process of law. Further, the tax claim unit is not relieved of this affirmative duty by including a notation regarding the availability of an installment agreement on the notice of the tax sale. *See id.*

The trial court denied Darden's request for an appeal nunc pro tunc without addressing whether the facts of this case warranted the grant of equitable relief. The decision to grant or deny an appeal nunc pro tunc is an equitable matter.

2. *See also Quality Home Improvement Co. Appeal,* 74 Pa.Commonwealth Ct. 39, 458 A.2d 1074 (1983) (bureau was not under further obligation to urge the taxpayer to pay his taxes by the installment method when the bureau notified property owner of his right to enter into an agreement, property owner paid more than 25% of taxes due but did not request an agreement, and bureau returned the check and informed property owner of the full amount due); *By–Pass, Inc. Appeal,* 22 Pa.D. & C.3d 148 (1981), *aff'd,* 66 Pa.Commonwealth Ct. 588, 445 A.2d 850 (1982) (sale was not set aside when bureau informed property owner of his right to enter into an agreement and stay the sale, but no written installment agreement was actually executed).

*Western Pennsylvania Water Co. v. Board of Property Assessment Appeals & Review,* 63 Pa.Commonwealth Ct. 472, 439 A.2d 1259 (1981). Such appeals have been permitted, however, in cases where the untimely filing was due to inaccurate information provided by an official of an agency regarding the proper forum or time period in which to file an appeal. *Roderick v. State Civil Service Comm'n,* 76 Pa.Commonwealth Ct. 329, 463 A.2d 1261 (1983); *Tarlo v. University of Pittsburgh,* 66 Pa.Commonwealth Ct. 149, 443 A.2d 879 (1982). Appeals nunc pro tunc have also been granted in cases where the delay was not caused by negligence and in which unique and compelling facts are present. *See Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (appeal nunc pro tunc was properly granted when appeal was filed four days late because the attorney's secretary had been ill).

■ Moreover, the trial court determined that Section 607(g) did not allow for post-confirmation challenges when a property owner has received proper notice of the sale. However, as in *Upset Sale of Properties,* the Bureau accepted Darden's payments which amounted to more than 25% of the taxes due. Therefore, the Bureau had an affirmative duty to inquire whether Darden wished to enter into a written installment agreement to stay the sale before it sold the property to Wright. The Bureau is not relieved of this affirmative duty despite the fact that notices contained in the record indicate that the sale of Darden's property may be stayed if she entered into an agreement with the Bureau to pay taxes and costs due in installments. Consequently, since Darden alleges that the Bureau failed to inquire as to whether she wished to enter into such an agreement, her petition to set aside the sale constituted a permitted post-confirmation challenge under Section 607(g).

Darden has presented to the trial court the testimony of Bureau employees which she contends establishes that the Bureau never offers to enter into agreements to stay a sale upon 25% partial payment as required by Section 603 and *Upset Sale of Properties;* a stay is only granted at the arbitrary and discriminatory discretion of the director of the

Bureau without any standards governing a grant or denial; and preferential stays were granted to others who paid nothing on delinquent taxes while Darden was denied a stay after having paid over 88% of her taxes, thereby implicating equal protection and due process considerations. *See Fisher Controls Co., Inc. v. Commonwealth,* 476 Pa. 119, 381 A.2d 1253 (1977) (to establish a denial of equal protection in the application of a tax statute, there should be something that amounts to an intention, or the equivalent of fraudulent purpose, to disregard the fundamental principle of uniformity); *Ross Appeal,* 366 Pa. 100, 76 A.2d 749 (1950) (due process encompasses fundamental procedural fairness in tax sale cases as the purpose of the Law is not to strip the taxpayer of his or her property but to insure collection of taxes).

As the trial court has made no findings with respect to this evidence, this case must be remanded for findings as to whether the Bureau inquired of Darden regarding her wishes to enter into a written installment agreement before the Bureau proceeded to sell the property, and whether the Bureau impermissibly granted stays to some property owners while denying relief to Darden who qualifies for a stay under Section 603 of the Law. Accordingly, the order of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 28th day of July, 1993, the order of the Court of Common Pleas of Montgomery County is reversed and this matter is remanded to the court for further proceedings.

Jurisdiction relinquished.