GRAY, J.,
Before the court are objections to an upset tax sale of September 10, 2014 timely filed on October 1, 2014. A hearing was held on March 25, 2015. For the reasons that follow, the objections to the tax sale are sustained and the tax sale is hereby set aside.
Procedural Background
On August 5,2014, the Tax Claim Bureau of Lycoming County filed a petition to waive the requirement of personal notice to owners/occupiers of properties listed for a tax sale for good cause shown after efforts at completing personal service appeared fruitless. On August 19, 2014, the court granted the motion. On October 1,2014, plaintiff Michael Warner filed the instant objection to the upset tax sale of his property. Since no case monitoring notice of a L206 cover sheet was filed requesting a hearing, the objections went to the file without being scheduled for a hearing. Although the objections were served upon the Lycoming County Tax Claim Bureau with a notice to defend, it does not appear that their counsel was aware of the objections. On October 17, 2014, the Lycoming County Tax Claim Bureau filed a consolidated return seeking, among other *297 things, a decree of absolute confirmation of the sales that took place if no objections are filed to the sales within thirty days.[1] The court entered a decree nisi on October 21, 2014 which indicated that the sale will become absolute if no objections are filed within thirty days. On November 6, 2014, the Tax Claim Bureau filed a reply to the objections to the tax sale. On November 21, 2014, the purchaser of the property filed a petition to intervene which included an L206 cover sheet. On December 1, 2014, the Tax Claim Bureau obtained a decree of absolute confirmation and for distribution executed by the prothonotary. A hearing on Mr. Lewis’s petition to intervene was scheduled for January 9, 2015. After a year, Mr. Lewis was granted permission to intervene. A hearing on the objections was held on March 25, 2015.
Findings of Fact
1. Plaintiff, Michael Warner’s property at 112 W. Fourth Street, identified as tax parcel number 66-0080-0602 was sold at an upset tax sale of September 10, 2014 to Intervenor, Daniel Lewis.
2. The property is a rental property with Mr. Warner residing at a rental unit on the property.
3. Mr. Warner was delinquent in taxes and was making payments to the Tax Claim Bureau to cure the delinquency.
4. The property was scheduled for a tax sale on September 10, 2014.
5. Before that date in September 2014, Mr. Warner went into the Tax Claim Office to make a payment and discussed what was needed to avoid the tax sale.
*298 6. An employee advised him that Mr. Warner had until September 24,2014 to pay the delinquent amount to avoid a tax sale.
7. An employee of the Tax Claim Bureau testified that she was not authorized to stay the sale and did not recall making the statement. However, she confirmed that the writing on the tax notice was hers.
8. The writing on the tax notice states “No later ... WED. Sept. 24.”
9. There was no significance of the September 24,2014 date.
10. Mr. Warner went to pay the full delinquency on September 22,2014 and was advised that the property had been sold.
11. The court finds Mr. Warner’s testimony credible.
Discussion
In the present case, the court concludes that the tax sale must be set aside. The Pennsylvania Courts have repeatedly indicated that “the forfeiture of a person’s property rights for failure to pay taxes is a momentous event under the Pennsylvania and United States Constitutions.”[2] Tracy v. County of Chester, Tax Claim Bureau, 507 Pa. 288, 489 A.2d 1334 (1985). “The purpose of the Real Estate Tax Sale Law is to ensure the collection of taxes, not to deprive citizens of their property or to create investment opportunities for those who attend tax sales.” Battisti v. Beaver County Tax Claim Bureau (In re Battisti), 105 A.3d 76 (Pa. Cmwlth. 2014), citing, Stanford-Gale v. Tax Claim *299 Bureau of Susquehanna County, 816 A.2d 1214, 1216 (Pa. Cm with. 2003). When there is no enforceable agreement, the doctrine of promissory estoppel can be “invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment.” Crouse v. Cyclops Indus., 745 A.2d 606, 610 (Pa. 2000). In the present case an employee of the Tax Claim Bureau provided the owner with the date of “No later ... WED. Sept. 24[.]” The owner reasonably relied upon that statement and believed he had until that time to pay the delinquent taxes to avoid sale. Nonetheless, the property was sold four days prior to the deadline. As such, the court believes that the sale must be set aside because the owner reasonably and justifiably relied upon having until September 24, 2014 to pay the delinquency to avoid sale. To sell the property before that date without correcting the owner’s information deprives the owner of due process.[3]
Accordingly, the court enters the following order.
ORDER
And now, this 5th day of May, 2015, upon consideration of Mr. Warner’s timely objections to the tax sale on September 10, 2014, said objections are granted. It is *300 ordered and directed that the upset tax sale of September 10, 2014, of 112 W. Fourth Street, identified as tax parcel number 66-0080-0602, is hereby set aside.

. The consolidated return was accompanied by a Lycoming County L-206 cover-sheet requesting the entry of an uncontested order. Along with the consolidated return was a Lycoming County Case Monitoring Notice seeking only an uncontested order, and nothing to be scheduled.

. “The United States Supreme Court has held that due process is implicated in any taking of property for the collection of taxes [.]” In re Battisti, supra, citing, Jones v. Flowers, 547 U.S. 220, 234, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006).

. When the bureau accepts payments amounting to more than 25% of the taxes due, the tax claim bureau has an affirmative duty to inform the taxpayer of the payment agreement options under the Real Estate Tax Sale Law (Law), Act of July 7, 1947, RL. 1368, as amended, 72 RS. § 5860.603.” Darden v. Montgomery County Tax Claim Bureau, 157 Pa. Commw. 357, 629 A.2d 321, 323 (Pa. Cmwlth. 1993). Failure to do so “would deprive the owner of his or her property without due process of law.” Darden, supra., 157 Pa. Commw. At 360, 629 A.2d at 323. It is not the taxpayer’s burden to request an installment agreement. Analogously, once the Tax Claim Bureau provides a date to pay a delinquency to avoid a tax sale, the Bureau must keep that date or timely inform the owner otherwise. Failure to do so, deprives the owner of his property without due process of law.