IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Petition of Tax Claim Bureau- : 
Judicial Sale : 
                                   : No. 821 C.D. 2021
Appeal of: Seneca Leandro View, LLC : Submitted: June 24, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: April 20, 2023


          Seneca Leandro View, LLC (Purchaser) appeals the order of the Greene County Court of Common Pleas (trial court) granting reconsideration and granting the petition of Eron Wiles (Owner) to set aside the tax sale of Tax Parcel 2-04-126 located at 404 East South Street, Carmichaels, PA (Property). We affirm.


**I.**

          On September 16, 2020, the Greene County (County) Tax Claim Bureau (Bureau) conducted an annual upset sale of properties with delinquent taxes, including the Property at issue herein. Purchaser was the successful bidder at the sale.

          On October 7, 2020, Owner filed an Exception and Objection to the sale in the trial court.[1] *See* Reproduced Record (RR) at 9a-13a. On November 12,

---

[1] Section 607(c) and (d) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.607(c) and (d), states, in relevant part:

**(Footnote continued on next page…)**

2020, Owner filed an Amended Exception and Objection in which she alleged, *inter alia*, that she does not reside at the Property, and had previously notified the Bureau of her new address at 324 South Pine Street, Carmichaels, PA. *Id.* at 16a.[2] She asserted that despite this notification, the Bureau continued to mail information to the Property address and, unbeknownst to her, that the Property was offered for sale for unpaid taxes for the 2019 tax year. *Id.*

Owner claimed that she did not receive the notice of the sale as required by Section 602(e) of the Law.[3] *See* RR at 16a. Owner also alleged that she "made payments in excess of $1,800.00 [in 2020] on the delinquent taxes for the home," and that "[t]he [trial] court should set aside the sale as it was performed illegally and in violation of [her] rights as set forth by [Section 601 of the Law,[4]]*et seq.*[,] and the Due Process Clause of the United States Constitution." *Id.* at 17a.

---

> (c) In case no objections or exceptions are filed to any such sale within thirty (30) days after the court has made a confirmation nisi, a decree of absolute confirmation shall be entered as of course by the prothonotary.
>
> (d) Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise the legality of the taxes on which the sale was held, of the return by the tax collector to the bureau or of the claim entered.

[2] The trial court "clarifie[d] to the record that the physical street address [wa]s the reason for the amendment." RR at 21a.

[3] 72 P.S. §5860.602(e). Specifically, Owner alleged that she never signed for the certified-mail notice of the sale required by Section 602(e)(1) of the Law; she never received the First Class mail notice as required by Section 602(e)(2) of the Law; and the Property was not posted for the 10 days prior to the sale as required by Section 602(e)(3) of the Law. *See id.* at 17a.

[4] 72 P.S. §5860.601. Section 601(a)(1) of the Law states, in pertinent part:

**(Footnote continued on next page…)**

2

On December 1, 2020, a hearing was scheduled to consider Owner's Amended Exception and Objection. RR at 27a. At the hearing, Owner "indicate[d] that [she is] able to pay the taxes in full . . . ." *Id.* However, all of the parties agreed that Purchaser was not notified of the hearing. *Id.* As a result, the trial court directed the Bureau to notify Purchaser of Owner's Amended Exception and Objection, and issued a Rule to Show Cause upon Purchaser "why the sale should not be voided upon [Owner's] payment of all costs, fees and taxes . . . ." *Id.* at 27a-28a.

---

(1) The bureau shall sell the property if all of the following are met:

(i) A tax claim has become absolute.

(ii) The property has not been discharged from the tax claim nor removed from the sale under [S]ection 603 . . . and a sale of the property has not been stayed by agreement under this article.

(iii) The property is not in the possession of the sequester.

72 P.S. §5860.601(a)(1).

In turn, Section 603 of the Law provides, in relevant part:

Any owner . . . may, at the option of the bureau, prior to the actual sale, . . . enter into an agreement, in writing, with the bureau to stay the sale of the property upon the payment of twenty-five per centum (25%) of the amount due on all tax claims and tax judgments filed or entered against such property and the interest and costs on the taxes returned to date, as provided by this [Law], and agreeing therein to pay the balance of said claims and judgments and the interest and costs thereon in not more than three (3) instalments all within one (1) year of the date of said agreement, the agreement to specify the dates on or before which each instalment shall be paid, and the amount of each instalment. So long as said agreement is being fully complied with by the taxpayer, the sale of the property covered by the agreement shall be stayed.

72 P.S. §5860.603.

3

On December 31, 2020, Purchaser filed a Petition to Intervene in the proceedings, and an Answer to the Amended Exception and Objection filed by Owner. RR at 30a-41a, 42a-48a. Accordingly, on January 8, 2021, the trial court issued a Consent Order noting Purchaser's intervention, cancelling the Rule, and scheduling a hearing for February 2, 2021. *Id.* at 50.

At the February 2, 2021 hearing, Sue Ellen Kingan, the County's Director of Tax Claim, testified, in relevant part, that the Property was exposed for sale on September 16, 2020, for the delinquent taxes owed for the 2018 and 2019 tax years. RR at 160a. She stated that Purchaser paid the upset sale price of $4,263.28. *Id.* at 160a, 169a.

Kingan outlined the notice process implemented by the Bureau to conform to the Law's notice, publication, and posting requirements. RR at 160a-62a, 163a-70a. She testified that prior to the Property's posting, in January of 2020, Owner called her on the telephone and indicated that the Bureau's initial notice of delinquent taxes had not been received. *Id.* at 175a-76a. Nevertheless, after the telephone call, Owner made payments on the delinquent taxes, ultimately paying the entire delinquent amount. *Id.* at 178a-79a, 215a.

Kingan identified Owner's Exhibit C, a copy of the Bureau's Real Estate Tax Lien Certificate (Certificate), listing the taxes owed on the Property and the payments that Owner made. RR at 180a, 274a-76a. Kingan acknowledged that the Certificate had refreshed her recollection regarding Owner's partial payment of the delinquent taxes prior to the upset sale. *Id.* at 180a.

The Certificate shows that at the time of the January 2020 telephone call, Owner owed $1,346.87 for the 2017 tax year; $1,322.78 for the 2018 tax year; and $1,102.53 for the 2019 tax year. RR at 275a-76a. The Certificate also shows

4

that to satisfy the taxes for the 2017 tax year, Owner made a payment of $250.00 on January 29, 2020; a payment of $350.00 on February 4, 2020; a payment of $238.93 on March 12, 2020; and a payment of $507.94 on September 1, 2020. *Id.* at 275a. Because the total delinquent taxes for the 2017 tax year were paid, an additional $492.06 that Owner paid on September 1, 2020, was applied to the delinquent taxes due for the 2018 tax year. *Id.* at 184a, 275a.

Owner also testified at the trial court's February 2, 2021 hearing, stating that she spoke with Kingan in January 2020, and notified Kingan that she had moved down the road from the Property. RR at 210a. She testified that her tenant for the Property signed the certified letter as required by the Law, but her tenant did not give the letter to her. *Id.* at 216a. She stated that she called Kingan after she became aware that her property had been posted for sale in September 2019. *Id.*

Owner testified that she spoke to Kingan about making payments on the delinquent taxes, but she did not enter into an installment agreement with the Bureau to pay the delinquent taxes. RR at 216a-17a. She did not know that an installment agreement with the Bureau was an option, even though Kingan told her that it would be fine to make payments on the total due. *Id.* at 217a, 222a. She stated that she made another payment after she saw that the Property was posted in August 2020, and she removed the placard. *Id.* at 219a-21a, 225a.

Specifically, Owner testified as follows regarding the agreement that she struck with Kingan in January 2020, to make payments on the delinquent taxes:

> Q: What was that agreement?
>
> A: Well, I advised Ms. Kingan of my -- my late notification of the information. I had received basically a picture message from a friend of mine and I explained to her that I wanted to get the balance satisfied as soon as I could and that I would be making payments. She said that

would be fine. There was no indication of a particular amount or particular payment date. There was nothing -- she didn't advise me that I had to make a certain balance made by a certain date or a certain monthly payment amount just that it needed to be satisfied.

\* \* \*

Q: Right but you saw the posting which -- which specifically told you that if you didn't pay everything off in full it was going to be sold in September, correct?

A: It also stated that payments --

Q: Answer my question, please.

A: Yes. And it also stated that payments could be made.

Q: Right.

A: And I have been making payments.

Q: Right but you had -- you didn't -- you did not make those payments in full prior to the date of that sale, correct?

A: Correct.

RR at 226a, 227a-28a.

At the conclusion of the hearing, the trial court found as fact that: (1) the certified mail delivery requirement under Section 602(e)(1) of the Law was not perfected on Owner; (2) the Bureau did not satisfy its duty under Section 607(a) of making additional notification efforts; and (3) based on Owner's testimony, she had actual notice of the September 16, 2020 upset sale. RR at 232a-33a. Accordingly, on February 4, 2021, the trial court entered an order incorporating these factual findings, and directing the parties to file a memorandum of law or brief in support of their respective positions regarding the validity of the Property's tax sale. *See id.*

6

at 51a-52a. The trial court stated: "Thereafter, the [c]ourt will make a determination based [on] the law and apply [it] to the facts as we have determined them to be to this date." *Id.* at 52a.

On February 16, 2021, Purchaser filed a brief outlining the Law's notice requirements and how they had been satisfied by the Bureau in this case. *See* RR at 62a-64a. Purchaser argued, *inter alia*, that "[a]s a non-occupant of the Property, [Owner] was afforded more procedural protection than the law requires." *Id.* at 64a. Moreover, Purchaser claimed,

> assuming, *arguendo*, that there were any defects in the Bureau's satisfaction of the notice requirements, where a property is not owner-occupied and the owner has actual notice of the tax sale, as [Owner] did, "a tax claim bureau's failure to satisfy the statutory notice requirements of [S]ection 602 of the Law, 72 P.S. §5860.602, does not invalidate a tax sale where the property owner's actual notice obviated due process concerns."

*Id.* at 64a-65a (citation omitted). On February 22, 2021, the Bureau filed Purchaser's brief as its own. *See id.* at 68a-77a.

That same day, Owner filed a Memorandum in support of the Amended Exception and Objection. *See* RR at 79a-91a. Owner argued that the Bureau did not comply with all of the Law's notice requirements because the Bureau failed to: (1) notify her of her right to enter into a written agreement pursuant to Section 603; (2) establish that the language of its notices was in strict compliance with the Law's requirements; and (3) establish that its publication in the County Legal Journal was done within 30 days before the sale. *Id.* at 81a.

With respect to her first claim, Owner noted that in January 2020, she owed a total of $3,403.58 for the 2017, 2018, and 2019 tax years. RR at 81a-82a. She explained that she paid $1,800.00 in delinquent taxes, or roughly 53% of the

7

taxes owed, in the 2020 calendar year alone. *Id.* She asserted that "[a]t no point was she offered or notified of the fact that she had qualified for a payment plan under [Section 603 of the Law,] 72 P.S. §5860.603." *Id.* at 82a. As Owner explained:

> [S]he surely would have reduced, to writing, a payment plan in which she was already ostensibly engaged, even if informal. The [L]aw places a duty on the [Bureau] to put forward this right to a property owner. This is an affirmative duty, meaning that the [Bureau] must do it. This was not done. To permit the sale to go through, without finding that the [Bureau] inquired whether [Owner] desires a payment plan to an owner whose payments exceed 50% of the delinquent taxes due would constitute a deprivation of the due process rights of [Owner]. When the payments in excess of 50% due were accepted by the Bureau, this duty was cemented. The duty was not fulfilled. For this reason, the [c]ourt must overturn the sale.

*Id.* at 83a.

Subsequently, on April 22, 2021, the trial court issued an order denying Owner's Amended Exception and Objection. *See* RR at 99a-101a. The trial court observed that Owner "had actual notice of the posted sign and the date of sale and upset price," and "that actual notice is sufficient such that it defeats any failure of the [Bureau] to strictly abide by the [L]aw[.]" *Id.* at 101a. As a result, the trial court concluded that "the actual notice provided to [Owner] is such that the request of [Owner] to upset the sale is now DENIED." *Id.*

That same day, Owner filed a Motion for Reconsideration, asking the trial court to enter an order overturning the Property's upset tax sale. *See* RR at 102a-05a. In the Motion, Owner alleged, *inter alia*, that: (1) the trial court failed to make any findings regarding Owner's payment of over 25% of the taxes due, and the Bureau's failure to offer a payment plan option in spite of the affirmative duty

8

to do so under Section 603 of the Law; (2) the trial court erred in finding that actual notice eliminates the Bureau's duty under Section 603; and (3) in both *Darden v. Montgomery County Tax Claim Bureau*, 629 A.2d 321 (Pa. Cmwlth. 1993), and *In re Sale by Tax Claim Bureau of Bedford County*, 112 A.3d 685 (Pa. Cmwlth. 2015), this Court set aside the tax sales under Section 603 where, as here, the owners had actual notice of the sale, paid in excess of 25% of the amount due, and were not offered the right to participate in a payment plan. *See id.* at 103a-04a.

On April 29, 2021, the trial court issued an order granting reconsideration of its April 22, 2021 order, and directing the Bureau and Purchaser "to file any responsive pleadings within thirty (30) days of this Order," and "thereafter, the [c]ourt shall make a ruling on the merits of the Motion within a reasonable time." RR at 106a.

Accordingly, on May 17, 2021, Purchaser filed a Response in Opposition to the Motion for Reconsideration (Response). RR at 92a-98a. Purchaser argued, *inter alia*, that: (1) Section 603 is discretionary and does not provide an absolute duty requiring the Bureau to enter into a payment plan; (2) both *Darden* and *Bedford County* are distinguishable because they involved owner-occupied residential properties and Owner leases out the Property herein to tenants; (3) the same level of due process owed an owner-occupant is not owed a commercial landlord such as Owner; and (4) a violation of the strict formalities of the Law's notice requirements will not void a tax sale where a property owner does not occupy the premises and has actual notice before a tax sale. *Id.* at 92a-95a.

Quite importantly, however, in its Response, Purchaser does not assert that Owner has waived any claim under Section 603 based on her failure to raise it at any prior point in the proceedings, or that Section 603 does not apply because

9

Owner failed to pay 25% of the delinquent taxes owed on the Property. *See* RR at 92a-95a.[5] In fact, Purchaser specifically admitted in its Response that Owner "had paid in excess of 25% of the due taxes and w[as] not offered the right to participate in a payment plan." *Id.* at 93a.

Ultimately, on June 29, 2021, the trial court issued an order granting Owner's Motion and granting Owner's Amended Exception and Objection. *See* RR at 111a-14a. In relevant part, the trial court explained:

> Once Owner paid 25%, "the [Bureau] had an affirmative duty to advise [her] of her option to enter into an installment payment plan under Section 603 of the [Law], 72 P.S. §5860.603." [*Bedford County*, 112 A.3d at 688]. The Commonwealth Court further noted in [*Bedford County*] that "[t]his Court has repeatedly held that where an owner has paid at least [25%] of the taxes due, the tax authority is required to inform the owner of the option to enter into an installment agreement and that a failure to do so is a violation of the owner's due process rights." *Id.*

*Id.* at 113a-14a. The trial court concluded that "[the Bureau's] failure to advise Owner of an installment agreement is dispositive . . .," and granted the requested relief. *Id.* at 114a. Purchaser then filed this timely appeal of the trial court's order.[6]

---

[5] Rather, Purchaser first raised the claim of Owner's waiver in the Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal (Statement) that Purchaser filed in the trial court on August 17, 2021. *See* RR at 142a-43a.

[6] As this Court has explained:

> "Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Plank v. Monroe County Tax Claim Bureau*, 735 A.2d 178, 181 n.6 (Pa. Cmwlth. 1999). The trial court is the finder of fact and "has exclusive authority to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence

**(Footnote continued on next page…)**

**II.**

On appeal, Purchaser claims that: (1) Owner waived her claim regarding the application of Section 603 of the Law by failing to raise it at any time before the trial court issued its April 22, 2021 order denying Owner's Amended Exception and Objection; (2) the trial court erred in applying Section 603 of the Law because Owner failed to pay at least 25% of the tax deficiency; and (3) the trial court abused its discretion in holding that Section 603 required the Bureau to offer Owner a payment plan for the delinquent taxes.

**III.**

Purchaser first claims that Owner waived her Section 603 claim by failing to raise it at any time before the trial court issued its initial April 22, 2021 order denying her Amended Exception and Objection. However, because Purchaser failed to raise this claim of waiver at the first opportunity before the trial court, and the trial court addressed Owner's Section 603 claim on the merits below, Purchaser has waived this waiver argument for purposes of the instant appeal. *See, e.g.*, *McGuire on behalf of Neidig v. City of Pittsburgh*, 250 A.3d 516, 526 (Pa. Cmwlth. 2021), *aff'd*, 285 A.3d 887 (Pa. 2022) ("Because [the appellant] did not argue to the trial court that the City's failure to raise the standing issue in preliminary objections or new matter constituted waiver, [the appellant] waived that issue and may not now

---

presented." *In re: Sale of Real Estate by Lackawanna County Tax Claim Bureau (Appeal of Yankowski)*, 986 A.2d 213, 216 (Pa. Cmwlth. 2009).

*In re Monroe County Tax Claim Bureau*, 91 A.3d 265, 269 n.6 (Pa. Cmwlth. 2014). If a "trial court's conclusion is supported by substantial evidence in the record, this Court may not disturb those findings on appeal." *Smith v. Tax Claim Bureau of Pike County*, 834 A.2d 1247, 1251 (Pa. Cmwlth. 2003) (citation omitted).

11

argue it before this Court."); *see also In re: Oren*, 159 A.3d 1023, 1026 (Pa. Cmwlth. 2017) ("However, [the a]ppellant indeed raises his first issue for the first time in his [Pa.R.A.P.] 1925(b) [S]tatement. As such, [the a]ppellant waived his first issue, and we cannot address it. Pa.R.A.P. 302(a).[7]"); *Pennsylvania Independent Waste Haulers Association v. Township of Lower Merion*, 872 A.2d 224, 228 n.16 (Pa. Cmwlth. 2005) ("[A]lthough the severance issue was not raised by the Township before the trial court, the [appellant] does not argue that this issue has been waived. As a result, the [appellant] has waived any potential waiver of the issue . . . .") (citation omitted).

Moreover, even if Purchaser's waiver claim has not in itself been waived, this claim is belied by the original record of this case. As outlined above, Owner raised her Section 603 claim in the Amended Exception and Objection; at the February 2, 2021 hearing before the trial court; and in her February 22, 2021 Memorandum that she filed in support of her Amended Exception and Objection long before the trial court issued its April 22, 2021 order. In short, Purchaser's assertion of error in this regard is patently without merit.

**IV.**

Purchaser next claims that the trial court erred in applying Section 603 of the Law because Owner failed to pay at least 25% of the tax deficiency. However, as indicated above, in its Response in Opposition to Owner's Motion for Reconsideration, Purchaser does not assert that Section 603 does not apply because Owner failed to pay 25% of the delinquent taxes owed on the Property. *See* RR at 92a-95a. In fact, Purchaser specifically admitted in its Response that Owner "had

---

[7] Pa.R.A.P. 302(a) states: "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."

12

paid in excess of 25% of the due taxes and w[as] not offered the right to participate in a payment plan." *Id.* at 93a. Thus, Purchaser has also waived this claim for purposes of the instant appeal. *See* Pa.R.A.P. 302(a); *Arnold v. Workers' Compensation Appeal Board (Lacour Painting, Inc.)*, 110 A.3d 1063, 1071 (Pa. Cmwlth. 2015) ("Our courts permit a litigant to make new arguments on appeal in support of a preserved issue . . . but do not permit a party to advance an entirely new and different theory of relief for the first time on appeal.") (citations omitted).

Moreover, the Bureau's Certificate that was admitted at the hearing, shows that at the time of the January 2020 telephone call between Owner and Kingan, Owner owed $1,346.87 for the 2017 tax year; $1,322.78 for the 2018 tax year; and $1,102.53 for the 2019 tax year. RR at 275a-76a. The Certificate also shows that to satisfy the taxes for the 2017 tax year, Owner made a payment of $250.00 on January 29, 2020; a payment of $350.00 on February 4, 2020; a payment of $238.93 on March 12, 2020; and a payment of $507.94 on September 1, 2020. *Id.* at 275a. As indicated, the additional $492.06 that Owner paid on September 1, 2020, was applied to the delinquent taxes due for the 2018 tax year. *Id.* at 184a, 275a. Thus, Owner paid well over 25% of the delinquent taxes owed for the 2017, 2018, and 2019 tax years, and Purchaser's claim is without merit.

## V.

Finally, Purchaser claims that the trial court abused its discretion[8] in holding that Section 603 required the Bureau to offer Owner a payment plan for the delinquent taxes. Specifically, Purchaser contends that the payment plan provisions

---

[8] An abuse of discretion is shown where the trial court misapplies the law or its decision is manifestly unreasonable, arbitrary or capricious, or was motivated by partiality. *James Corporation v. North Allegheny School District*, 938 A.2d 474, 483 n.7 (Pa. Cmwlth. 2007).

of Section 603 are solely at the Bureau's discretion, and that there is no affirmative duty to offer such a plan to Owner, who is not an owner-occupant of the Property.

However, "[t]his court has repeatedly held that where an owner has paid at least 25% of the taxes due, the tax authority is **required** to inform the owner of the option to enter into an installment agreement and that a failure to do so is a violation of the owner's due process rights. *Reilly v. Susquehanna* [*County*] *Tax Claim Bureau*, 904 A.2d 49, 53 (Pa. Cmwlth. 2006); *York v. Roach*, [639 A.2d 1291 (Pa. Cmwlth. 1994)]; *Darden*[, 629 A.2d at 323-24]." *Moore v. Keller*, 98 A.3d 1, 5 (Pa. Cmwlth. 2014) (emphasis added). Thus, contrary to Purchaser's assertion, the payment plan provisions of Section 603 of the Law must be discussed as a component of due process, and not at the Bureau's discretion.

In addition, Purchaser's assertion that Section 603's payment plan provisions are only applicable to owner-occupants is likewise without merit. Indeed, as this Court has recently explained:

> In [*Reilly*], a taxpayer facing an imminent tax sale contacted the tax claim bureau to request an installment payment plan, and the bureau rejected that request pursuant to an internal policy allowing such plans only when the owner resided on the property. *Reilly*, 904 A.2d at 50. This Court cited the familiar principle discussed above: "Where a property owner pays at least twenty-five percent of the taxes owed and makes a *prima facie* showing of qualifying for a stay under [S]ection 603 of the [Law], a taxing authority has an affirmative duty to inquire whether the owner desires to enter into an installment agreement . . . ." *Id.* at 53. The taxpayer had not paid the requisite 25% of the delinquent taxes, but, this Court noted, she and her counsel "were specifically informed that a partial payment would not be accepted if tendered" due to the bureau's internal policy. *Id.* Reviewing [S]ection 603, this Court found "nothing in that section [that] limits the possibility of a payment plan only to

14

owner-occupied property." *Id.* at 54. Because the bureau's policy reflected a misapplication of the statute and the addition of a requirement not present therein, we concluded that it was erroneous for the bureau to reject the taxpayer's offer of partial payment and her request for a payment plan. *Id.*

*In Re Consolidated Return of Tax Claim Bureau of Indiana County from September 16, 2019 Upset Sale for Delinquent Taxes*, 250 A.3d 508, 515 (Pa. Cmwlth.), *appeal denied*, 264 A.3d 337 (Pa. 2021). In short, we will not accede to Purchaser's request to reconsider the foregoing binding precedent,[9] and the trial court did not abuse its discretion in holding that Section 603 required the Bureau to offer Owner a payment plan for the delinquent taxes.

Accordingly, the trial court's order is affirmed.

MICHAEL H. WOJCIK, Judge

---

[9] *See, e.g.*, *State Farm Mutual Automobile Insurance Company v. Department of Insurance*, 720 A.2d 1071, 1073 (Pa. Cmwlth. 1998), *aff'd*, 747 A.2d 355 (Pa. 2000) ("Stare decisis binds us to follow decisions of our own court until they are either overruled or compelling reasons persuade us otherwise.").

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Petition of Tax Claim Bureau-   :
Judicial Sale   :
   : No. 821 C.D. 2021
Appeal of: Seneca Leandro View, LLC  :

# **O R D E R**

AND NOW, this 20th day of April, 2023, the order of the Greene County Court of Common Pleas dated June 29, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge